UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| EDELMAN, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 09-1938 (MLC) |
| | : | |
| v. | : | |
| | : | |
| CROONQUIST, | : | OPINION ON MOTION FOR |
| | : | REMAND |
| Defendant. | : | |
| | : | |

This matter is before the Court by way of Plaintiffs' motion to remand this case to state court, based on Plaintiffs' assertion that the Court does not have diversity jurisdiction because Defendant and Plaintiff Ruth Zafrin are both residents of New York. [Docket Entry No. 6]. Defendant has opposed the motion, arguing that she is domiciled in the State of California. Defendant additionally argues that Plaintiff Ruth Zafrin was fraudulently joined as a party in this case to destroy diversity. The Court has considered the motion pursuant to Fed. R. Civ. P. 78, after referral by the District Court [Docket Entry No. 32]. For the reasons set forth below, the Court denies Plaintiffs' motion to remand.

**I.  RELEVANT FACTS AND PROCEDURAL HISTORY[1]**

On or about March 19, 2009, Neil and Shelley Edelman ("the Edelmans") filed a complaint in the Monmouth County Superior Court against Sunda Croonquist ("Defendant"), alleging that as a comedian, she made false and slanderous statements in live performances and

---

[1] For the sole purposes of this motion, the Court accepts as true the facts alleged in the complaint.  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992).

1

posted a number of similarly damaging comments about them on her website, including information regarding their names, their activities and where they reside. Defendant is married to Plaintiff Shelley Edelman's brother. The Complaint asserted that the Edelmans were New Jersey residents while Defendant "maintains an address" in New York.

On April 24, 2009, Defendant removed the action to this Court, alleging diversity of citizenship. On that same date, Defendant moved to dismiss the complaint based on insufficient process, insufficient service of process and failure to state a claim upon which relief could be granted.[2] [Docket Entry Nos. 1, 2]. Defendant stated in her removal and motion to dismiss that she maintained residences in New York and California. [Docket Entry No. 1-1, ¶4, 2-2 ¶7].

Thereafter, the Edelmans, together with Ms. Edelman's mother, Ruth Zafrin (collectively "Plaintiffs"), filed an Amended Complaint, a cross motion to remand, and opposition to Defendant's motion to dismiss. [Docket Entry Nos. 5, 6 and 7]. With the addition of Ms. Zafrin, Plaintiffs allege that there is no diversity and the case should be remanded to state court, given that "[b]oth Defendant and Plaintiff Zafrin are residents of New York." [Docket Entry No. 6-3 at page 6].

On June 1, 2009, Defendant filed opposition to the motion to remand, along with her Declaration that she is domiciled in California, not New York. [Docket Entry Nos. 10 and 11]. Moreover, Defendant argues in her opposition that Plaintiff Zafrin joined this action solely to defeat diversity. [Docket Entry Nos. 10 ¶4; Docket Entry No. 11 at page 2].

In their reply, Plaintiffs reassert that Defendant is domiciled in New York. [Docket Entry

---

[2]The motion to dismiss was denied without prejudice, during the pendency of this motion to remand. [Docket Entry No. 32].

Nos. 16 to 19]. Plaintiffs further request that in the event that the Court is inclined to deny the remand, it should instead allow discovery and a hearing regarding Defendant's domicile. [Docket Entry No. 16 at page 10]. Based upon the uncontested factual assertions of the parties, and as set forth below, the Court finds that there is no need for discovery on the issues raised by the motion or for an evidentiary hearing.

In her Declaration, Defendant asserts unequivocally that she "own[s] a place of business in California, an actor's studio know as Film Actors Shop, located at 10835 Santa Monica Blvd." [Docket Entry 10 ¶6]. She further declares that she is "employed by the Laugh Factory located at 8001 Sunset Blvd. in Hollywood." Id. Plaintiffs do not contest these assertions.

Defendant further declares that she votes in California, pays California income tax and maintains a California driver's license. [Docket Entry No. 10 ¶6]. Moreover, there is no dispute that Defendant's children have always attended school in California or that Defendant and her family have exclusively worshiped at a synagogue located in California for the past ten years. [Docket Entry No. 10 ¶6]. Similarly, there seems to be no dispute that Defendant maintains a residence in California. Id.

The parties also agree that Defendant has numerous contacts with the State of New York. For example, they all agree that Defendant maintains a New York residence, although they disagree with regard to the impact this residence has on the question of domicile. [Docket Entry Nos. 1-1, ¶4, 2-2 ¶7; 10 ¶7, 16 page 4, 17 ¶14, 18 ¶¶2-3, 18-2]. In addition, there appears to be no dispute that Defendant maintains a telephone number with a New York exchange and that she periodically performs in New York. Plaintiffs contend that Defendant has told audiences during her performances that she lives in New York, and that she informed Plaintiff Neil Edelman that

3

she maintains the New York residence because she believes that New York is her home.  Further, Defendant's dentist and her lawyer (who is also her husband) practice in New York.  [Docket Entry Nos. 16 pages 3, 5, 6, 18 ¶3, 19-2, 19-5, 19-6].

## II. DISCUSSION

### A. Subject Matter Jurisdiction and Removal

"Federal courts are not courts of general jurisdiction and may only hear cases which are before them under the authority of Article III of the Constitution or under statutes enacted by Congress under that Article."  Hines v. Irvington Counseling Center, 933 F. Supp. 382, 387 (D.N.J. 1996) (citations omitted).  Title 28 U.S.C. 1332 provides district courts with subject matter jurisdiction over cases when the amount in controversy exceeds the "sum or value" of $75,000 and no plaintiff and defendant are citizens of the same state.  Id.; Hines, supra, 933 F. Supp. at 387; see Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998).  "As a general rule, the jurisdictional amount is determined from the good faith allegation appearing on the face of the complaint."  In re LIFEUSA Holding Inc., 242 F.3d 136, 143 (3d Cir. 2001) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).

Title 28 U.S.C. 1441 provides a defendant with the option to remove a case which was initially filed in state court, if there is diversity among the parties, the defendant is not a citizen of the state in which the action has been brought, and the amount in controversy exceeds $75,000.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  If the district court at any time before final judgment finds that it lacks subject matter jurisdiction because the parties are not diverse, it may remand the case back to the state court where the action was initially filed.  28 U.S.C. 1447(c).

"A party's citizenship for purposes of subject matter jurisdiction is synonymous with

domicile." Frett-Smith v. Vanterpool, 511 F.3d 396, 400-01 (3d Cir. 2008) (citing McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006)). "Domicile is an individual's 'true, fixed, permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" Frett-Smith, supra, 511 F.3d 401 (quoting McCann, supra, 458 F.3d at 286). In a number of cases on this issue, the Third Circuit has set forth factors to be considered in determining a person's domicile, including:

1. house of residence;

2. place of employment/business;

3. location of assets;

4. driver's license;

5. registration of vehicles;

6. declarations;

7. exercise of political rights;

8. payment of personal taxes;

9. location of bank and brokerage accounts;

10. location of professionals (doctors, lawyers, dentists, etc.);

11. location of spouse and family; and

12. membership in unions and other organizations.

Frett-Smith, supra, 511 F.3d at 401; McCann, supra, 458 F.3d at 286; Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972).

The Third Circuit has additionally admonished that "actions speak louder than words" in determining a party's "intention to establish a domicile." Korn v. Korn, 398 F.2d 689, 691 (3d

Cir. 1968). Thus, it is the party's "entire course of conduct" that must be considered, rather than the statements of the parties alone. Id. at 692.

Domicile is primarily a question of fact, McCann, supra, 458 F.3d at 286, and a court is confined to determining the domicile of each party at the time the action was filed. Krasnov, supra, 465 F.2d at 1300. Regardless of whether a plaintiff initially brings an action in district court or a defendant removes an action, "[t]he party asserting diversity jurisdiction bears the burden of proof . . . by a preponderance of the evidence." McCann, supra, 458 F.3d at 286; (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 179, 189 (1936)); Estate of DeFina v. Burns, Civil No. 08-4457, 2008 WL 5427908 at *1 (Dec. 30, 2008).

Here, Defendant asserts that a number of factors evidence her California domicile. In her Declaration, Defendant repeatedly asserts that California is her domicile and that she has no intention of making her home in any place other than California. [Docket Entry No. 10].

Notably, Defendant states that her young children attend school in California and that they have never been enrolled in schools of another state. The children also go to camp in California. [Docket Entry Nos. 10 ¶6 and 27 ¶2]. See Pinto v. Spectrum Chemicals and Laboratory Products, Civil No. 07-3111, 2007 WL 301694 at *2 (D.N.J. Oct. 22, 2007) (in finding that the plaintiff was domiciled in Colombia, the court noted as one of the factors that his children attended school there). Similarly, Defendant claims that she and her family worship at a synagogue in California, are members of that synagogue, and have not been members of any other synagogue for ten years. [Docket Entry No. 10 ¶6]. Colmer v. ICCS Co., LLC, Civil No. 08-2737, 2009 WL 1973547 at *4 (D.N.J. July 7, 2009) (noting the defendants' attendance of a synagogue in New Jersey as a factor supporting domicile). These two factors, education of

Defendants' young children and religious worship in California, have not been contested by Plaintiffs. This is particularly telling given that Plaintiffs are the grandmother, aunt and uncle of these young children and would certainly voice an objection if in fact the children went to school in New York or Defendant and her family regularly attended religious services in New York.

In addition, Defendant maintains a California driver's license. Doe v. Schwerzler, Civil No. 06-3529, 2008 WL 1781986 at *3 (D.N.J. April 17, 2008) (relying on fact that the plaintiff had been issued a Kentucky driver's license as one of the factors in finding plaintiff was a Kentucky domicile). Plaintiffs do not contest the validity of Defendant's license.[3]

Additionally Defendant claims that she pays taxes in California, and that she owns a business and is separately employed in California. [Docket Entry No. 6]. Doe, supra, 2008 WL 1781986 at *2. In response, Plaintiffs point to the fact that Defendant produced a comedy showcase in New York in 2008-2009. [Docket Entry Nos. 16 page 5, 19-3]. The schedule for the showcase, however, reveals that there were also numerous appearances in California. [Docket Entry No. 19-3]. See Schiavone v. Donovan, Civil No. 08-1157, 2009 WL 2957315 at *3-5 (D.N.J. Sept. 15, 2009) (finding that the defendant was domiciled in Florida, even though he maintained a limited employment relationship with his New Jersey employer). In her sur-reply Affidavit, Defendant recognizes that she performs in New York, but that such performances are typically limited to her children's summer and spring school breaks. [Docket

---

[3]Plaintiffs do contest Defendant's California vehicle registration, pointing out that it is dated after the filing of the Complaint. There is nothing in the record to indicate whether the registration was originally obtained or renewed on that date or whether it was changed from another state on that date. The Court finds the record with regard to the vehicle registration insufficient to either support or cast doubt on Defendant's domicile, and the Court declines to consider it, given the numerous other factors established by Defendant.

Entry No. 27 ¶3].

The heart of much of Plaintiffs' argument stems from their contention that Defendant is a co-owner, with her husband, of a residence in New York. [Docket Entry No. 18 Exh. A]. Defendant readily admits that her husband has an apartment in New York, and that she sometimes stays there, particularly when her children are out of school. [Docket Entry No. 27 ¶2]. Even if this Court accepts as true that Defendant co-owns the apartment, the record is uncontradicted that the New York apartment is not her sole residence, nor is a residence synonymous with domicile. "It is possible for a person to be a resident in one state and domiciled in another." Manley v. Maran, Civil Action No. 02-2504, 2007 WL 951951 at *4 (D.N.J. March 28, 2007); United States v. Allstate Ins. Co., Civil No. 85-593, 1986 WL 6186 at *3 (D.N.J. May 28, 1986) ("Although a person may have several residences, he may have only one domicile and the terms are not convertible.") Accordingly, Defendant may be domiciled in California although she maintains a New York residence. See Colmer, supra, 2009 WL 1973547 at *4. It is her intent to return to a place when she is absent which is the true indication of domicile. Frett-Smith, supra, 511 F.3d 401 (quoting McCann, supra, 458 F.3d at 286).

Plaintiffs also assert that Defendant's husband, who is also her lawyer, practices in New York and is therefore domiciled in New York. However, the state in which a person is employed does not necessarily determine domicile. See Schiavone, supra, 2009 WL 2957315 at *3. Furthermore, Defendant's husband is not a party to this action, and his domicile is not determinative of hers. See Chwalow v. C. I. R., 470 F.2d 475, 477 (3rd Cir. 1972) (finding that husband and wife maintain separate domiciles); Napletana v. Hillsdale College, 385 F.2d 871, 873 (6th Cir. 1967) ("We believe that for purposes of federal diversity jurisdiction a married

woman can have a legal domicile separate from that of her husband.")

Plaintiffs, in their reply, raise additional factual assertions to buttress their argument that Defendant is domiciled in New York, including that Defendant's dentist practices in New York, Defendant maintains a New York telephone number and Defendant's own statements made on stage or in conversation (as attested to by her brother-in-law, a plaintiff in this case) that she lives in New York, that New York is her home, and that she would not give up her New York apartment.  [Docket Entry No. 18 ¶3].  Even if true, these assertions do not contradict the uncontested factors discussed above.

The Court finds that Defendant has established by a preponderance of the evidence that she is domiciled in California.  McCann, supra, 458 F.3d at 286.  Further, the Court finds that Plaintiffs have failed to rebut this evidence.  See Colmer, supra, 2009 WL 1973547 at *4 (finding that the defendants failed to rebut the plaintiff's evidence that they were domiciled in New Jersey).

Plaintiffs state that they are entitled to discovery as well as an evidentiary hearing on Defendant's domicile, citing Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 208 (3d Cir. 2007).  The case cited involved the citizenship of a trust, however, rather than an individual, and further proceedings were required upon remand to determine the citizenship of the beneficiary and trustee of the trust.  Id.  Moreover, the Third Circuit granted the Court discretion to hold evidentiary hearings on remand; it did not require that such hearings be held. Id.  Given the Court's finding that Defendant has sufficiently established that she is domiciled in California, there is no reason for discovery or a hearing on this issue.

**B. Fraudulent Joinder**

9

Defendant, in her opposition to Plaintiffs' motion to remand, argues that her mother-in-law, Plaintiff Ruth Zafrin, was made a party to this action for the sole purpose of destroying diversity between Plaintiffs and Defendant. [Document Entry No. 10 pages 1-2]. The Court in Mersmann v. Continental Airlines, 335 F. Supp. 2d 544, 547 (D.N.J. 2004), articulated the test used to determine fraudulent joinder:

> Whether remand should be permitted upon the joinder of non-diverse parties depends on several factors, including: (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether plaintiff has been dilatory in asking for the amendment; (3) whether plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. The removing party bears a heavy burden of persuasion towards showing that a non-diverse party was fraudulently joined.

Id. (citations omitted).

Defendant states, without legal argument, that Plaintiff Ruth Zafrin fraudulently joined the action. [Docket Entry Nos. 10 ¶¶4, 8; 11 at pages 1-2; 27 ¶4]. In response, Plaintiffs argue that the addition of Ms. Zafrin as a plaintiff was simply based on her belated decision to assert a claim. [Docket Entry No. 16 at page 2]. In addition, Ms. Zafrin has submitted her own Affidavit, in which she contends that her decision to join the suit was not for purposes of the motion to remand but was to pursue her own claims against her daughter-in-law. [Docket Entry No. 17]. Defendant has not rebutted any of these assertions or otherwise met the burden under Mersmann.

Because this Court has found that the addition of Ms. Zafrin does not defeat diversity, the Court does not need to decide this issue, other than to note that to the extent sanctions are sought against Plaintiffs, that request is denied.

**III. CONCLUSION**

For the foregoing reasons, the Court holds that Defendant has met her burden of establishing that she is domiciled in California and that there is therefore complete diversity of citizenship between Defendant and Plaintiffs.  Accordingly, Plaintiffs' motion to remand will be denied.  The request for discovery and a hearing on the issue of Defendant's domicile will also be denied.  An appropriate Order accompanies this Opinion.


                                                s/ Lois H. Goodman
                                               **HONORABLE LOIS H. GOODMAN**
                                               **UNITED STATES MAGISTRATE JUDGE**

**DATED**: October 20, 2009